## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Victaulic Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00960 |
| | § | |
| Zurn Water LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Victaulic Company ("Victaulic" or "Plaintiff") files this Original Complaint for Patent Infringement against Zurn Water LLC ("Zurn" or "Defendant"), alleging as follows:

## PARTIES

1. Plaintiff is a corporation fully organized and existing under the laws of the State of Delaware, with a principal place of business located at 4901 Kesslerville Road, Easton, Pennsylvania, 18040. Victaulic is the owner of record of the Patents-in-Suit in this action.

2. On information and belief, Defendant Zurn Water LLC is a limited liability company organized under the laws of the State of Texas, having a principal place of business in Wisconsin. Zurn may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This is a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

5. This Court has personal jurisdiction over Zurn because Zurn is incorporated in Texas, and, on information and belief, has committed acts giving rise to this action within and/or directed to this State and this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Zurn would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b) at least because Zurn is a limited liability company organized under the laws of the State of Texas and therefore resides in Texas. Zurn resides within this District because Zurn's registered agent (C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201) resides within this District.

7. Venue is also proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(b) because, on information and belief, Zurn does business in this District through established distribution channels, has a regular and established place of business in this District, and/or has committed infringing acts in this District, including one or more acts of offering for sale, selling, using infringing products, or providing service and support to Zurn's customers in this District.

## THE PATENTS-IN-SUIT

8. On May 27, 2014, United States Patent No. 8,733,799 ("the '799 Patent") entitled "Combination Sealing Member and Pipe Couplings" was issued by the United States Patent and Trademark Office.

9. A copy of the '799 Patent is attached as **Exhibit A**.

10. The '799 Patent is assigned to Victaulic, and has been at all relevant times. Victaulic is the owner of the '799 Patent with the right to enforce the '799 Patent.

11. The '799 Patent is in force.

12. The '799 Patent has been the subject two Petitions for *Inter Partes* Review before the Patent Trial & Appeal Board at the U.S. Patent & Trademark Office challenging its validity (IPR2016-00276 and IPR2016-0277). Neither proceeding was instituted because the Petitioner failed to show a reasonable likelihood of prevailing on its invalidity challenge.

13. On August 8, 2017, United States Patent No. 9,726,310 ("the '310 Patent") entitled "Combination Sealing Member and Pipe Couplings" was issued by the United States Patent and Trademark Office.

14. A copy of the '310 Patent is attached as **Exhibit B**.

15. The '310 Patent is assigned to Victaulic, and has been at all relevant times. Victaulic is the owner of the '310 Patent with the right to enforce the '310 Patent.

16. The '310 Patent is in force.

17. On February 11, 2014, United States Patent No. 8,646,165 ("the '165 Patent") entitled "Method of Securing Pipe Elements End to End" was issued by the United States Patent and Trademark Office.

18. The '165 Patent has been the subject of two Petitions for *Inter Partes* Review before the Patent Trial & Appeal Board at the U.S. Patent & Trademark Office challenging its validity (IPR2016-00278 and IPR2016-00279), which concluded through the issuance of an *Inter Partes* Review Certificate, issued on October 11, 2019, canceling claims 1-6, 8-14 and 16, and finding claims 7 and 15 novel and nonobvious.

19. A copy of the '165 Patent and the *Inter Partes* Review Certificate for the '165 Patent is attached as **Exhibit C**.

## ZURN'S INFRINGING PRODUCTS

20. Zurn's infringing products include, for example and without limitation, all sizes of products sold as Model FP23EZ1 and any other models covered by at least one claim of the '799, '310, and/or '165 Patents (collectively, the "Patents-in-Suit") when combined with mating pipe elements. Zurn's infringing products are collectively referred to hereinafter as the "Accused Products." *See, e.g.*, https://www.zurn.com/products/fire-protection/grooved-couplings-fittings/fp23ez1 and https://files.zurn.com/care-cleaning-install-warranty-sheets/isfp23ez1.pdf.

21. Upon information and belief, the Accused Products have been and continue to be sold, offered for sale, used, and/or imported in or into the United States by Zurn.

22. Prior to filing this Complaint, on February 10, 2025, Victaulic sent a notice letter to Zurn via Federal Express, identifying the '799, '310 and '165 Patents as being infringed by exemplary Zurn products (including Zurn's Model FP23EZ1 coupling) and demanded cessation of marketing, import and sales of Model FP23EZ1 and all products similarly infringing the Patents-in-Suit. Victaulic's February 10, 2025 letter also attached a printout of the Zurn webpage advertising the Accused Products.

23. On February 28, 2025, Zurn's counsel acknowledged receipt of Victaulic's February 10, 2025 letter via a responsive letter.

24. On March 28, 2025, Victaulic sent a further notice letter to Zurn, including infringement claim charts demonstrating how Zurn's activity with respect to its Model FP23EZ1 coupling infringes the '799, '310 and '165 Patents.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,733,799

25. Victaulic incorporates by reference each of the above paragraphs as if fully set forth herein.

26. Upon information and belief, Zurn has directly infringed, and continues to directly infringe, the '799 Patent by importing, making, using, selling, and/or offering for sale products, for example, Model FP23EZ1 combined with pipe elements, that meet each and every limitation, either literally or equivalently, of at least Claims 1-4, 6, 12, and 17 of the '799 Patent.

27. A non-limiting claim chart showing Zurn's infringement of the '799 Patent by a representative Accused Product is attached as **Exhibit D**. The claim chart is not intended to limit Victaulic's right to modify the chart or allege that other activities of Zurn infringe the identified claims or any other claims of the '799 Patent or any other patents.

28. Upon information and belief, Zurn has been, and now is, actively and knowingly inducing Zurn's customers or other third parties to directly infringe one or more claims of the '799 Patent, and/or contributes to Zurn's customer's or other third parties' direct infringement of one or more claims of the '799 Patent by selling or otherwise providing the Model FP23EZ1 couplings to customers or third parties and/or encouraging customers or third parties to use the Accused Products to form infringing products by combining such couplings with pipe elements. *See, e.g.*, Zurn Brochure titled "Model FP23EZ1 Single Bolt Couplings," accessible at https://files.zurn.com/care-cleaning-install-warranty-sheets/isfp23ez1.pdf, attached as **Exhibit G**; *see also, e.g.*, Zurn Brochure titled "Model FP23EZ1 Couplings," accessible at https://files.zurn.com/spec-sheets/fp23ez1-couplings.pdf, attached as **Exhibit H**; *see also, e.g.*, Zurn Brochure titled "Zurn Wilkins Couplings and Fittings," accessible at

https://files.zurn.com/brochure-catalog-flyer/480-308_wilkins_fp23ez1_flyer_digital.pdf, attached as **Exhibit I**. As described in Paragraphs 22-24, Zurn has been aware of the '799 Patent and its infringement since at least February 2025.

29. Upon information and belief, Zurn actively and knowingly encourages the direct infringement of the '799 Patent by instructing and encouraging its customers, users, and buyers to use the Model FP23EZ1 couplings to connect two pipe elements in end to end relation to form products that meet at least one claim of the '799 Patent. For example, Zurn provides promotional literature that advertise these customers, users, and buyers to use the Accused Products in an infringing manner, providing a mechanism through which the infringers may infringe the '799 Patent, and by marketing the use of the Accused Products in an infringing manner. *See, e.g.*, **Exhibits G-I**.

30. Upon information and belief, Zurn has been contributorily infringing and is continuing to contributorily infringe the '799 Patent by selling or offering to sell the Accused Products (e.g., the Model FP23EZ1 coupling), which constitutes a material part of an invention covered by at least one claim of the '799 Patent. Zurn knows that the Accused Products are especially made or especially adapted for practicing the invention of the '799 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Products (e.g., Model FP23EZ1 couplings).

31. Zurn is therefore liable for induced infringement pursuant to 35 U.S.C. § 271(b) and/or for contributory infringement pursuant to 35 U.S.C. § 271(c).

32. Zurn's infringement has damaged and will continue to damage Victaulic, which is entitled to recover the compensatory damages resulting from Zurn's wrongful acts in an amount

to be determined at trial, including but not limited to lost profits from lost sales, Zurn's profits for infringing sales, disgorgement, and/or price erosion, and in any event no less than a reasonable royalty.

33.     Zurn's infringement has caused, and will continue to cause, irreparable injury to Victaulic, for which damages are an inadequate remedy, unless Zurn is enjoined from any and all activities that would infringe the claims of the '799 Patent.

34.     Zurn's infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  As described in Paragraphs 22-24, Zurn has been aware of the '799 Patent and its infringement since at least February 2025.  Zurn has infringed and continues to infringe the '799 Patent with full knowledge of that patent and its applicability to Zurn's products.  Zurn's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities.  Zurn's infringement is therefore egregious and exceptional and entitles Plaintiffs to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,726,310

35.     Victaulic incorporates by reference Paragraphs 1 through 34 above as if fully set forth herein.

36.     Upon information and belief, Zurn has directly infringed, and continues to directly infringe, the '310 Patent by importing, making, using, selling, and/or offering for sale products, for example, Model FP23EZ1 combined with pipe elements, that meet each and every limitation, either literally or equivalently, of at least Claims 1, 2, 4, 6, 7 and 9 of the '310 Patent.

37. A non-limiting claim chart showing Zurn's infringement of the '310 Patent by a representative Accused Product is attached as **Exhibit E**. The claim chart is not intended to limit Victaulic's right to modify the chart or allege that other activities of Zurn infringe the identified claims or any other claims of the '310 Patent or any other patents.

38. Upon information and belief, Zurn has been, and now is, actively and knowingly inducing Zurn's customers or other third parties to directly infringe one or more claims of the '310 Patent, and/or contributes to Zurn's customer's or other third parties' direct infringement of one or more claims of the '310 Patent by selling or otherwise providing the Model FP23EZ1 couplings to customers or third parties and/or encouraging customers or third parties to use the Accused Products to form infringing products by combining such couplings with pipe elements. *See, e.g.*, **Exhibits G-I**. As described in Paragraphs 22-24, Zurn has been aware of the '310 Patent and its infringement since at least February 2025.

39. Upon information and belief, Zurn actively and knowingly encourages the direct infringement of the '310 Patent by instructing and encouraging its customers, users, and buyers to use the Model FP23EZ1 couplings to connect two pieces of pipe in end-to-end relation to form products that meet at least one claim of the '310 Patent. For example, Zurn provides promotional literature that advertise these customers, users, and buyers to use the Accused Products in an infringing manner, providing a mechanism through which the infringers may infringe the '310 Patent, and by marketing the use of the Accused Products in an infringing manner. *See, e.g.*, **Exhibits G-I**.

40. Upon information and belief, Zurn has been contributorily infringing and is continuing to contributorily infringe the '310 Patent by selling or offering to sell the Accused Products (e.g., the Model FP23EZ1 coupling), which constitutes a material part of an invention

covered by at least one claim of the '310 Patent. Zurn knows that the Accused Products are especially made or especially adapted for practicing the invention of the '310 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Products (e.g., the Model FP23EZ1 coupling).

41. Zurn is therefore liable for induced infringement pursuant to 35 U.S.C. § 271(b) and/or for contributory infringement pursuant to 35 U.S.C. § 271(c).

42. Zurn's infringement has damaged and will continue to damage Victaulic, which is entitled to recover the compensatory damages resulting from Zurn's wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Zurn's profits for infringing sales, disgorgement, and/or price erosion, and in any event no less than a reasonable royalty.

43. Zurn's infringement has caused, and will continue to cause, irreparable injury to Victaulic, for which damages are an inadequate remedy, unless Zurn is enjoined from any and all activities that would infringe the claims of the '310 Patent.

44. Zurn's infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284. As described in Paragraphs 22-24, Zurn has been aware of the '310 Patent and its infringement since at least February 2025. Zurn has infringed and continues to infringe the '310 Patent with full knowledge of that patent and its applicability to Zurn's products. Zurn's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities. Zurn's infringement is therefore egregious and exceptional and entitles Plaintiffs to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,646,165

45. Victaulic incorporates by reference Paragraphs 1 through 44 above as if fully set forth herein.

46. Upon information and belief, Zurn has directly infringed, and continues to directly infringe, the '165 Patent by combining the Model FP23EZ1 couplings with pipe elements in a manner that meets each and every limitation, either literally or equivalently, of at least Claims 7 and 15 of the '165 Patent.

47. A non-limiting claim chart showing Zurn's infringement of the '165 Patent by a representative Accused Product is attached as **Exhibit F**. The claim chart is not intended to limit Victaulic's right to modify the chart or allege that other activities of Zurn infringe the identified claims or any other claims of the '165 Patent or any other patents.

48. Upon information and belief, Zurn has been, and now is, actively and knowingly inducing Zurn's customers or other third parties to directly infringe one or more claims of the '165 Patent, and/or contributes to Zurn's customer's or other third parties' direct infringement of one or more claims of the '165 Patent by selling or otherwise providing the Accused Products (e.g., the Model FP23EZ1 coupling) to customers or third parties and/or encouraging customers or third parties to use the Accused Products (e.g., the Model FP23EZ1 coupling) in a manner that infringes claims 7 and/or 15 of the '165 Patent. *See, e.g.*, **Exhibits G-I**. As described in Paragraphs 22-24, Zurn has been aware of the '165 Patent and its infringement since at least February 2025.

49. Upon information and belief, Zurn actively and knowingly encourages the direct infringement of the '165 Patent by instructing and encouraging its customers, users, and buyers to use the Accused Products (e.g., the Model FP23EZ1 coupling) to connect two pipe elements in a

manner that meet at least one claim of the '165 Patent.  For example, Zurn provides promotional literature that advertise these customers, users, and buyers to use the Accused Products (e.g., the Model FP23EZ1 coupling) in an infringing manner, providing a mechanism through which the infringers may infringe the '165 Patent, and by marketing the use of the Accused Products in an infringing manner.  *See, e.g.*, **Exhibits G-I**.

50. Upon information and belief, Zurn has been contributorily infringing and is continuing to contributorily infringe the '165 Patent by selling or offering to sell the Accused Products (e.g., the Model FP23EZ1 coupling), which constitutes a material part of an invention covered by at least one claim of the '165 Patent.  Zurn knows that the Accused Products are especially made or especially adapted for practicing the invention of the '165 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use.  There is no substantial non-infringing use of the Accused Products (e.g., the Model FP23EZ1 coupling).

51. Zurn is therefore liable for induced infringement pursuant to 35 U.S.C. § 271(b) and/or for contributory infringement pursuant to 35 U.S.C. § 271(c).

52. Zurn's infringement has damaged and will continue to damage Victaulic, which is entitled to recover the compensatory damages resulting from Zurn's wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, Zurn's profits for infringing sales, disgorgement, and/or price erosion, and in any event no less than a reasonable royalty.

53. Zurn's infringement has caused, and will continue to cause, irreparable injury to Victaulic, for which damages are an inadequate remedy, unless Zurn is enjoined from any and all activities that would infringe the claims of the '165 Patent.

54. Zurn's infringement has been and continues to be willful and deliberate, justifying a trebling of damages under 35 U.S.C. § 284.  As described in Paragraphs 22-24, Zurn has been aware of the '165 Patent and its infringement since at least February 2025.  Zurn has infringed and continues to infringe the '165 Patent with full knowledge of that patent and its applicability to Zurn's products.  Zurn's conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities.  Zurn's infringement is therefore egregious and exceptional and entitles Plaintiffs to attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Victaulic respectfully requests that the Court enter preliminary and final orders, declarations, and judgments against Defendant as are necessary to provide Victaulic with the following relief:

a. Pursuant to 35 U.S.C. § 271, a determination that Zurn has directly infringed one or more claims of the '799 Patent has been infringed, either literally or equivalently;

b. Pursuant to 35 U.S.C. § 271, a determination that Zurn has contributorily infringed, and/or actively induced infringement of the '799 Patent;

c. Pursuant to 35 U.S.C. § 283, an order that Zurn and those in privity with Zurn be preliminarily and permanently enjoined from infringing and/or inducing and/or contributing to the infringement of the '799 Patent;

d. Pursuant to 35 U.S.C. § 284, an award of damages against Zurn adequate to compensate Victaulic for infringement of the '799 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

e. Pursuant to 35 U.S.C. § 271, a determination that Zurn has directly infringed one or more claims of the '310 Patent has been infringed, either literally or equivalently;

f. Pursuant to 35 U.S.C. § 271, a determination that Zurn has contributorily infringed, and/or actively induced infringement of the '310 Patent;

g. Pursuant to 35 U.S.C. § 283, an order that Zurn and those in privity with Zurn be preliminarily and permanently enjoined from infringing and/or inducing and/or contributing to the infringement of the '310 Patent;

h. Pursuant to 35 U.S.C. § 284, an award of damages against Zurn adequate to compensate Victaulic for infringement of the '310 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

i. Pursuant to 35 U.S.C. § 271, a determination that Zurn has directly infringed one or more claims of the '165 Patent has been infringed, either literally or equivalently;

j. Pursuant to 35 U.S.C. § 271, a determination that Zurn has contributorily infringed, and/or actively induced infringement of the '165 Patent;

k. Pursuant to 35 U.S.C. § 283, an order that Zurn and those in privity with Zurn be preliminarily and permanently enjoined from infringing and/or inducing and/or contributing to the infringement of the '165 Patent;

l. Pursuant to 35 U.S.C. § 284, an award of damages against Zurn adequate to compensate Victaulic for infringement of the '165 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

  m.  Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and an assessment of reasonable attorneys' fees against Zurn;

  n.  An award of pre- and post-judgment interest as permitted;

  o.  Such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Victaulic hereby demands a jury trial, as provided by Federal Rule of Civil Procedure 38, on all claims and issues that are triable to a jury.

Dated: April 16, 2025　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ C. Alan Carrillo*

　　　　　　　　　　　　　　　　　　　　　　BROWN FOX PLLC

　　　　　　　　　　　　　　　　　　　　　　C. Alan Carrillo
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24109693
　　　　　　　　　　　　　　　　　　　　　　　alan@brownfoxlaw.com
　　　　　　　　　　　　　　　　　　　　　　8111 Preston Road, Suite 300
　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75225
　　　　　　　　　　　　　　　　　　　　　　T: (214) 327-5000
　　　　　　　　　　　　　　　　　　　　　　F: (214) 327-5001

　　　　　　　　　　　　　　　　　　　　　　PILLSBURY WINTHROP SHAW PITTMAN LLP

　　　　　　　　　　　　　　　　　　　　　　Colin T. Kemp
　　　　　　　　　　　　　　　　　　　　　　　California Bar No. 215408 *(pro hac vice application forthcoming)*
　　　　　　　　　　　　　　　　　　　　　　　colin.kemp@pillsburylaw.com
　　　　　　　　　　　　　　　　　　　　　　Surui Qu
　　　　　　　　　　　　　　　　　　　　　　　California Bar No. 332105 *(pro hac vice application forthcoming)*
　　　　　　　　　　　　　　　　　　　　　　　surui.qu@pillsburylaw.com
　　　　　　　　　　　　　　　　　　　　　　Four Embarcadero Center, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　　T: (415) 983-1000
　　　　　　　　　　　　　　　　　　　　　　F: (415) 983-1200

　　　　　　　　　　　　　　　　　　　　　　Benjamin L. Kiersz
　　　　　　　　　　　　　　　　　　　　　　　Virginia Bar No. 47043 *(pro hac vice application forthcoming)*
　　　　　　　　　　　　　　　　　　　　　　　benjamin.kiersz@pillsburylaw.com
　　　　　　　　　　　　　　　　　　　　　　7900 Tysons One Place, Suite 500
　　　　　　　　　　　　　　　　　　　　　　McLean, VA 22102
　　　　　　　　　　　　　　　　　　　　　　T: (703) 770-7900
　　　　　　　　　　　　　　　　　　　　　　F: (703) 770-7901

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Victaulic Company*